UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LINDA GLASS, | Case No. 1:08-cv-302 |
| Plaintiff, | HONORABLE PAUL MALONEY |
| v. | |
| THE KELLOGG COMPANY BAKERY, CONFECTIONERY, TOBACCO WORKERS and GRAIN MILLERS PENSION PLAN, | |
| Defendant. | |

### Opinion and Order

**Granting the Unopposed Motion to Dismiss the Complaint for Failure to State a Claim; Terminating the Case**

This is an action under the Employment Retirement Income Security Act, 29 U.S.C. § 1132 *et seq.* ("ERISA"). *See* First Amended Complaint ("Am Comp") ¶ 1. Plaintiff Linda Glass ("Glass") alleges that defendant, The Kellogg Company Bakery, Confectionery, Tobacco Workers and Grain Millers Pension Plan ("the Plan") violated ERISA by reducing her monthly pension payments and indicating its intention to further reduce those payments. Glass asserts a claim for benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) (count one), *see* Am Comp ¶¶ 8-10, and a claim for equitable estoppel (count two), *see* Am Comp ¶¶ 11-21.

The Plan moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, contending that Glass failed to exhaust her administrative remedies. Alternatively, the Plan contends that the equitable-estoppel claim lacks merit. For the reasons that

-1-

follow, the court will grant the Plan's motion and dismiss the complaint without prejudice for failure to exhaust contractually required administrative remedies.

### BACKGROUND

Glass began working for the Kellogg Company on August 8, 1972, and the company provided a pension pursuant to the terms of a written agreement, the Plan. *See* Am Comp ¶ 5 and Ex 1. Glass apparently left the employ of the company in late 2004 or early 2005, and the Plan initially credited her with 32.08 years of service – August 8, 1972 through September 16, 2004 – for purposes of calculating her pension benefit, yielding a monthly pension payment fo $851.08. *See* Am Comp ¶ 5. Glass received that amount from February 1, 2005 through July 1, 2007, when, she alleges, the Plan unilaterally reduced her monthly gross pension payment from $851.78 to $ 796.01, Am Comp ¶¶ 5-7, apparently based on its calculation that she actually had only 30.0 years of creditable service.

By letter dated June 28, 2007, the Plan announced its intention to further reduce Glass's monthly pension payment by $79.60 for the period from August 1, 2007 through May 1, 2009. *See* Am Comp ¶ 7. The Plan stated that the forthcoming reduction was intended to recoup alleged overpayments plus compound interest at the rate of 4.85% per annum. *See* Am Comp ¶ 7.

### PROCEDURAL HISTORY

Glass filed the original complaint on April 1, 2008, and the Plan responded by filing a motion to dismiss on April 18. The parties submitted a joint stipulation allowing Glass to amend the complaint, which Magistrate Judge Carmody entered on July 22, 2008. Glass's amended complaint was filed on July 28, and this court denied the motion to dismiss the original complaint without prejudice as moot. *See Glass v. The Kellogg Co. Plan*, – F.R.D. –, 2008 WL 4183537 (W.D. Mich. July 29, 2008) (Maloney,

J.).  On Monday, August 11, 2008, the Plan filed an answer to the amended complaint which asserted affirmative defenses and objected to Glass's demand for trial by jury, and Glass filed a notice withdrawing her jury demand.  On that same date, the Plan filed the instant motion to dismiss the amended complaint.

Under this court's local civil rules, Glass had 28 days from the date of service of the motion in which to file a response.  *See* W.D. MICH. LCIVR 7.2(a) (a motion to dismiss is a dispositive motion); W.D. MICH. LCIVR 7.2(c) (a party has 28 days from service of a dispositive motion to file an opposition brief).  FED. R. CIV. P. 6(a)(1) provides that "in computing any time period specified in these rules or in any local rule, court order or statute", the court must "exclude the day of the act, event, or default that begins the period."  Accordingly, Glass's 28 days began the day after the Plan electronically filed its motion to dismiss, i.e., on Tuesday, August 12, 2008.  Because the period of time is longer than 10 days, the court counts weekends and holidays, per FED. R. CIV. P. 6(a)(2).  Thus, the 28-day period for Glass to file a brief in opposition to the motion expired at midnight on Monday, September 8, 2008.  Glass neither filed an opposition brief nor sought an extension of time in which to do so.

## LEGAL STANDARD:  DISMISSAL FOR FAILURE TO STATE A CLAIM

This court assesses a Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief can be granted  under the same standard as a Rule 12(c) motion for judgment on the pleadings.  *Zeigler v. Mieskiewicz*, 2008 WL 650335, *2 (S.D. Ohio Mar. 5, 2008) (citing *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007)).  Such motions turn on legal issues, not an assessment of the evidence.  *Technology Recycling Corp. v. City of Taylor*, 186 F. App'x 624, 640 n.5 (6th Cir. 2006) (Griffin, J.) ("*Tech Rec*"); *see also Thomas v. Arn*, 474 U.S. 140, 150 n.8 (1985) ("[M]otions for judgment on the pleadings and dismissal for failure to state a claim on which relief can be granted . . . consist exclusively of issues of

law.").

Such motions "presume as a legal matter the lack of any need for an evidentiary hearing . . . ." *US v. Raddatz*, 447 U.S. 667, 693-94 (1980).  Indeed, the court must accept all of the complaint's factual allegations as true and construe the complaint in the light most favorable to the plaintiff.  *Tech Rec*, 186 F. App'x at 640 n.5 (citing *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005) ("*PONI*")); *see also Bohanan v. Bridgestone/Firestone No. Am. Tire, LLC*, 260 F. App'x 905, 906 (6th Cir. 2008) (citing *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001)).  But the court need not draw unwarranted factual inferences or accept the plaintiff's *legal* conclusions.  *Bohanan*, 260 F. App'x at 906 (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).

And each claim's factual allegations must *plausibly* suggest a viable claim; the claim must be plausible and not merely conceivable.  *NicSand, Inc. v. 3M Co.*, 507 F.3d 442, 455 (6th Cir. 2007) (en banc) (Sutton, J., joined by Griffin et al.) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. –, –, 127 S.Ct. 1955, 1974 (2007)).  "The 'factual allegations must be enough to raise a right to relief above the speculative level'", not merely create a "'*suspicion* of a legally cognizable cause of action . . . .'" *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (quoting *Twombley*, 550 U.S. at –, 127 S.Ct. at 1974) (internal alterations omitted).[1]  There must be either direct of inferential allegations regarding all the material elements of each claim.  *LULAC v. Bredesen*, 500 F.2d 523, 527 (6th Cir. 2007)

---

[1] Until 2007, our Circuit followed the standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), which directed courts to grant a 12(b)(6) motion "when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint." *Taylor v. Sampson*, 2008 WL 2923435, *2 n.3 (W.D. Mich. July 25, 2008) (Maloney, J.).

In *Twombley* (2007), the Supreme Court "retired the 'no set of facts' formulation of the Rule 12(b)(6) standard and dismissed an antitrust-conspiracy complaint because it did not contain facts sufficient to 'state a claim to relief that is plausible on its face.'" *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 337 n.4 (6th Cir. 2007) (quoting *Twombley*, 550 U.S. at –, 127 S.Ct. at 1974).  The court notes that the Plan erroneously cites the former standard.

(McKeague, J.) (citing *Twombley*, 550 U.S. at –, 127 S.Ct. at 1969).

Our Circuit cautions that district courts should not overstate the hurdle that *Twombley* establishes for plaintiffs to survive a Rule 12(b)(6) (or Rule 12(c)) motion:

> In *Erickson v. Pardus*, 550 U.S. –, 127 S.Ct. 2197 . . . (2007), decided two weeks after *Twombley*, however, the Supreme Court affirmed that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* at 2200 (quoting *Twombley*, 127 S.Ct. at 1964). The opinion in *Erickson* reiterated that "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Id.* (citing *Twombley*, 127 S.Ct. at 1965). We read the *Twombley* and *Erickson* decisions in conjunction with one another when reviewing a district court's decision to grant a motion to dismiss for failure to state a claim or a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12.

*Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 550 (6th Cir. 2008) (Richard Allen Griffin, J.) (quoting *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295-96 (6th Cir. 2008) (footnote omitted)) (other internal quotation marks and alterations omitted).

When considering whether to grant a Rule 12(c) or 12(b)(6) motion, the court primarily considers the complaint's allegations, but may also take into account items appearing in the record and attached exhibits. *LaFace Records, LLC v. Does 1-5*, 2008 WL 513508, *3 (W.D. Mich. Feb. 22, 2008) (Maloney, J.) (citing *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001)).

## DISCUSSION

The parties agree that the Plan is an "employee pension benefit Plan" as that term is defined by 29 U.S.C. § 1002(2)(A), and that Glass is a participant eligible to receive pension benefits from the Plan due to her employment with the Kellogg company in Battle Creek, Michigan, *see* Am Comp ¶¶ 3-4 and Motion to Dismiss the First Amended Complaint "(MTD)", Ex A § 1.2, and the court so finds.

Section 7.9 of the Plan requires participants to exhaust administrative remedies before filing a lawsuit, and the required administrative remedies include internal appeal of an adverse determination. *See* MTD, Ex A § 7.9.

"Although ERISA is silent as to whether exhaustion of administrative remedies is a prerequisite to bringing a civil action, we have held that '[t]he administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court.'" *Coomer v. Bethesda Hosp., Inc.*, 370 F.3d 499, 504 (6th Cir. 2004) (quoting *Miller v. Metro. Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991)).[2] The exhaustion requirement enables Plan fiduciaries to efficiently manage their funds, correct their errors, interpret Plan provisions, and assemble a factual record which will assist a court in reviewing the fiduciaries' actions. *Coomer*, 370 F.3d at 504 (quoting *Ravencraft v. UNUM Life Ins. Co. of America*, 212 F.3d 341, 343 (6th Cir. 2000) (citation to 4th Circuit decision omitted)).

The court is mindful that the requirement to exhaust administrative remedies does not apply where the claimant shows that resort to the administrative appeal process "'would be an exercise in futility.'" *West v. AK Steel Corp.*, 484 F.3d 395, 402 (6th Cir. 2007) (quoting *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 420 (6th Cir. 1996)). Generally, our Circuit "has applied the administrative-

---

[2]

*See, e.g.,* affirming Rule 12(b)(6) dismissal of ERISA complaints for failure to exhaust administrative remedies:

*Koehler v. Pension Ben. Guar. Corp.*, 273 F. App'x 523 (6th Cir. 2008) (Gilman, Rogers, McKeague);

*Falandays v. Penn Treaty Am. Corp.*, 114 F. App'x 738, 738 (6th Cir. 2004) (Suhrheinrich, Batchelder, Cole);

*Smith v. Local No. 25 Iron Workers Pension Plan*, 99 F. App'x 695 (6th Cir. 2004) (Suhrheinrich, Gibbons, Sutton) (plaintiff failed to show futility; letter from plan's attorney was merely an indication what would happen if plaintiff repeated the first step of the process of applying for retirement benefits, and did not indicate what result would have been reached following a hearing before the Plan's board of trustees);

futility doctrine in two scenarios: (1) when the Plaintiffs' suit is directed to the legality of the Plan, not to a mere interpretation of it; and (2) when the defendant lacks the authority to institute the decision sought by the plaintiffs."  *Dozier v. Sun Life Ass. Co. of Canada*, 466 F.3d 532 (6th Cir. 2006) (Sutton, C.J.) (internal citations, alterations, and quotation marks omitted) (reversing dismissal of ERISA complaint and holding that under the circumstances, it would have been futile for the Plan beneficiary to resort to the Plan's administrative process).

But Glass has made no attempt to show that resort to the Plan's internal appeal process would be futile, so the court has no basis for invoking the futility exception to the exhaustion requirement. *See Hill v. Blue Cross & Blue Shield of Michigan*, 409 F.3d 710, 719 (6th Cir. 2005) ("'The standard for adjudging the futility of a resort to the administrative remedies provided by a Plan is whether a *clear and positive* indication of futility can be made.  A plaintiff must show that it is *certain* that his claim will be denied on appeal, not merely that he doubts that an appeal would result in a different decision.'") (emphasis added) (quoting *Fallick*, 162 F.3d at 419).

Nor has Glass alleged that the Plan somehow waived its right to invoke the administration-exhaustion requirement. *Contrast Parson v. Union Underwear Co., Inc.*, 95 F. App'x 144 (6th Cir. 2004) (Clay, Cook, D.J. Wm. Stafford).

Accordingly, Glass is not entitled to sue the Plan until and unless she has exhausted her administrative remedies, including an appeal to the Plan's Appeal Board.  For this reason, the Plan is entitled to dismissal without prejudice of the complaint.

Because the court is required to dismiss the complaint without prejudice for failure to exhaust administrative remedies, there is no need to address Glass's claim that the Plan should be equitably estopped from reducing her monthly pension benefit under these circumstances, or the Plan's response to that argument.  *See* MTD at 9-16.  For a discussion of equitable estoppel, waiver, and state-law

contract doctrines in the ERISA context, *see Michigan Elec. Employees Pension Fund v. Encompass Electric & Data, Inc.*, 556 F. Supp.2d 746, 762-68 (W.D. Mich. 2008) (Maloney, J.).

**ORDER**

The defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted [document #14] is **GRANTED**.

The complaint is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

This case is **TERMINATED**.

This is a final and appealable order.[3]

**IT IS SO ORDERED this 6th day of October 2008.**

          /s/ Paul L. Maloney
          Honorable Paul L. Maloney
          Chief United States District Judge

---

[3] Our Circuit generally reviews *de novo* the dismissal of a claim pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim on which relief can be granted. *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (Griffin, J.) (citing *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008)). Likewise, the Circuit reviews *de novo* a district court's interpretation of the ERISA statute. *West v. AK Steel Corp.*, 484 F.3d 395, 402 (6th Cir. 2007) (citing *US v. Tudeme* 457 F.3d 577, 580 (6th Cir. 2006)), *pet. cert. filed on other grounds*, 76 U.S.L.W. 3288 (U.S. Nov. 16, 2007) (No. 07-663).

However, a district court's decision to enforce an ERISA Plan's administrative-exhaustion requirement is reviewed only for abuse of discretion. *West*, 484 F.3d at 402 (citing *Costantino v. TRW, Inc.*, 13 F.3d 969, 974 (6th Cir. 1994)).