UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

LINDA GLASS,

    Plaintiff,

    v.

THE KELLOGG COMPANY BAKERY,
CONFECTIONERY, TOBACCO WORKERS and
GRAIN MILLERS PENSION PLAN,

    Defendant.

Case No. 1:08-cv-302

HONORABLE PAUL MALONEY

---

**Opinion and Order**

**Granting in part and Denying in Part the Plaintiff's Motion for Reconsideration;**

**Vacating Dismissal w/o Prejudice (For Failure to Establish Exhaustion) of the Complaint;**

**Declining Plaintiff's Request to Grant Relief on Count One (i.e., to Award Benefits);**
**Declining Defendant's Request to Dismiss Count Two (Equitable Estoppel) under 12(b)(6);**

**Reinstating the Case to the Court's Active Docket**

    This is an action under the Employment Retirement Income Security Act, 29 U.S.C. § 1132 *et seq.* ("ERISA"). *See* First Amended Complaint ("Am Comp") ¶ 1. Plaintiff Linda Glass ("Glass") alleged that defendant, The Kellogg Company Bakery, Confectionery, Tobacco Workers and Grain Millers Pension Plan ("the Plan") violated ERISA by reducing her monthly pension payments and indicating its intention to further reduce those payments. Glass asserted a claim for

benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) (count one), *see* Am Comp ¶¶ 8-10, and a claim for equitable estoppel (count two), *see* Am Comp ¶¶ 11-21.

On August 1, 2008, the Plan moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, contending that Glass failed to exhaust her administrative remedies and that the Plan should not be equitably estopped from invoking lack of exhaustion. Glass failed to file a brief in opposition to the motion to dismiss the amended complaint, thereby failing to carry her burden of proving that she exhausted administrative remedies, so the court granted the motion and dismissed the complaint without prejudice for failure.

Glass timely filed a motion for reconsideration, the Plan filed an opposition brief, and Glass filed a reply brief. For the reasons that follow, the court will grant Glass's motion, vacate the dismissal of her complaint, and reinstate the case to the court's active docket for further proceedings.


**BACKGROUND**

Glass began working for the Kellogg Company on August 8, 1972, and the company provided a pension pursuant to the terms of a written agreement, the Plan. *See* Am Comp ¶ 5 and Ex 1. Glass apparently left the employ of the company in late 2004 or early 2005, and the Plan initially credited her with 32.08 years of service – August 8, 1972 through September 16, 2004 – for purposes of calculating her pension benefit, yielding a monthly pension payment fo $851.08. *See* Am Comp ¶ 5. Glass received that amount from February 1, 2005 through July 1, 2007, when, she alleges, the plan unilaterally reduced her monthly gross pension payment from $851.78 to $ 796.01, Am Comp ¶¶ 5-7, apparently based on its calculation that she actually had only 30.0 years of creditable service.

-2-

By letter dated June 28, 2007, the Plan announced its intention to further reduce Glass's monthly pension payment by $79.60 for the period from August 1, 2007 through May 1, 2009.  *See* Am Comp ¶ 7.  The Plan stated that the forthcoming reduction was intended to recoup alleged overpayments plus compound interest at the rate of 4.85% per annum.  *See* Am Comp ¶ 7.

## PROCEDURAL HISTORY

Glass filed the original complaint on April 1, 2008, and the Plan responded by filing a motion to dismiss on April 18.  The parties submitted a joint stipulation allowing Glass to amend the complaint, which Magistrate Judge Carmody entered on July 22, 2008.  Glass's amended complaint was filed on July 28, and this court denied without prejudice as moot the motion to dismiss the original complaint.  *See Glass v. The Kellogg Co. Bakery, Confectionery, Tobacco Workers and Grain Millers Pension Plan*, 252 F.R.D. 367 (W.D. Mich. 2008) (Paul L. Maloney, J.) ("*Glass I*").  On August 11, 2008, the Plan filed an answer to the amended complaint which asserted affirmative defenses and objected to Glass's demand for trial by jury, and Glass filed a notice withdrawing her jury demand.  On that same date, the Plan filed the instant motion to dismiss the amended complaint.

Under this court's local civil rules, Glass had 28 days from the date of service of the motion in which to file a response.  *See* W.D. MICH. LCIVR 7.2(a) (a motion to dismiss is a dispositive motion); W.D. MICH. LCIVR 7.2(c) (a party has 28 days from service of a dispositive motion to file an opposition brief).  FED. R. CIV. P. 6(a)(1) provides that "in computing any time period specified in these rules or in any local rule, court order or statute", the court must "exclude the day of the act, event, or default that begins the period."  Accordingly, Glass's 28 days began the day after the Plan

electronically filed its motion to dismiss, i.e., on Tuesday, August 12, 2008.  Because the period of time is longer than 10 days, the court counted weekends and holidays, per FED. R. CIV. P. 6(a)(2). Thus, the court correctly found that the 28-day period for Glass to file a brief in opposition to the motion expired at midnight on Monday, September 8, 2008, and that she neither filed an opposition brief nor sought an extension of time in which to do so before that deadline.  *See Glass v. The Kellogg Co. Bakery, Confectionery, Tobacco Workers and Grain Millers Pension Plan*, 2008 WL 4534422, *2 (W.D. Mich. 2008) (Maloney, C.J.) ("*Glass II*").


## DISCUSSION

The parties agreed that the Plan is an "employee pension benefit plan" as that term is defined by 29 U.S.C. § 1002(2)(A), and that Glass is a participant eligible to receive pension benefits from the Plan due to her employment with the Kellogg company in Battle Creek, Michigan, *see* Am Comp ¶¶ 3-4 and Motion to Dismiss the First Amended Complaint "(MTD"), Ex A § 1.2, and the court so found.  *See Glass II*, 2008 WL 4534422 at *3.  The court then determined that section 7.9 of the Plan requires participants to exhaust administrative remedies before filing a lawsuit, and the required administrative remedies include internal appeal of an adverse determination.  *See Glass II*, 2008 WL 4534422 at *3 (citing MTD Am Comp, Ex A § 7.9).  Neither party has asked the court to depart from those determinations, which are the law of the case.  *See Griffin v. Reznick*, – F. Supp.2d –, –, 2008 WL 510528, *7 (W.D. Mich. Dec. 2, 2008) (Maloney, C.J.) (discussing contours of law-of-the-case doctrine) (citing, *inter alia*, *Williams v. McLemore*, 247 F. App'x 1, 4 (6th Cir. 2007) (Griffin, J.)).

-4-

The court noted that although ERISA is silent as to whether exhaustion of administrative remedies is prerequisite to bringing a civil action, our Circuit holds that it is required. *Glass II*, 2008 WL 4534422 at *3 (quoting *Coomer v. Bethesda Hosp., Inc.*, 370 F.3d 499, 504 (6th Cir. 2004) (citations and footnote 2 omitted).  The court stressed the importance of enforcing the exhaustion requirement, which "enables plan fiduciaries to efficiently manage their funds, correct their errors, interpret plan provisions, and assemble a factual record which will assist a court in reviewing the fiduciaries' actions." *Id.*

The court was mindful that the requirement to exhaust administrative remedies does not apply where the claimant shows that resort to the administrative appeal process "'would be an exercise in futility.'" *Glass II*, 2008 WL 4534422 at *4 (quoting *West v. AK Steel Corp.*, 484 F.3d 395, 402 (6th Cir. 2007) (citation omitted)).  But because Glass made no attempt to oppose the Plan's motion and actually show that resort to the Plan's internal appeal process would have been futile, or was otherwise excused, the court concluded she had not carried her burden of providing "'a *clear and positive* indication of futility'", which means a showing that "'it is *certain* that h[er] claim will be denied on appeal, not merely that [s]he doubts that an appeal would result in a different decision.'" *Glass II*, 2008 WL 4534422 at *4 (citing *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 719 (6th Cir. 2005) (citation omitted)).  The court also noted that because Glass did not file a brief, she failed to raise any argument that the plan waived its right to invoke the administration-exhaustion requirement. *Glass II*, 2008 WL 4534422 at *4.  Accordingly, the court concluded, based on the one-sided presentation before it, that Glass was not entitled to sue the Plan until and unless she had exhausted her administrative remedies, including an appeal to the Plan's Appeal Board.

**Now that Glass has provided the requisite reasoned argument and citations to the record and to authority in support of her contention that exhaustion would have been futile, the court grants reconsideration.**  It is true that Glass could and should have made and supported this argument by filing a brief in opposition to the Plan's motion to dismiss the amended complaint. And it is unavailing for Glass to complain that "[s]he did, however, address the issue of Defendant's failure to give required notice at some length in her Response and Brief in Opposition to Defendants' motion to dismiss the original complaint."  It is not the court's job to scour past filings to compensate for failure to file a timely brief which properly and squarely places the pertinent issues and arguments before the court.  Moreover, the court has the discretion to deny reconsideration on the strength of the principle that a reconsideration motion should not be used to raise arguments which could, and should, have been made before judgment issued."  *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

But Glass has done so now, and manifest injustice would result if the court ignored the belated but undeniably *meritorious* argument that she presents.  Seven years before the *Sault Sainte Marie* decision on which the Plan relies, the Sixth Circuit issued *Carver v. Bunch*, 946 F.2d 451 (6th Cir. 1991), where it held that the district court could not simply grant a Rule 12(b)(6) motion to dismiss merely because it was unopposed, but should have analyzed whether the complaint stated a claim, notwithstanding the dereliction of plaintiff's counsel in failing to oppose the motion. *Carver*, 946 F.2d at 452.  The Circuit resoundingly rejected "the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome", endorsing instead "the principle that the purpose of pleading is to facilitate a proper decision *on the merits*."  *Carver*, 946 F.2d at 454 (citations omitted).

To the extent that the Plan's *Sault Sainte Marie Tribe* (6th Cir. 1998) conflicts with Glass's *Carver* (6th Cir. 1991) on this score, the later decision must yield to the earlier decision because both are published decisions. *See Michigan Elec. Employees Pension Fund v. Encompass Electric & Data, Inc.*, 556 F. Supp.2d 746, 770 n.13 (W.D. Mich. 2008) (Maloney, J.) ("[T]his court need not decide whether *Resilient* conflicts with *Allcoast*, or whether *Resilient* applies in cases where . . . . To the extent that *Resilient* [(6th Cir. 2005)] conflicts with *Allcoast* [6th Cir. 1986)], this court must follow *Allcoast* because it was issued first.") (quoting *US v. Tate*, 516 F.3d 459, 467 (6th Cir. 2008) ("When a later decision of this court conflicts with one of our prior published decisions, we are still bound by the holding of the earlier case.") (citations omitted))).  Thus the court follows *Carver* and allows plaintiff Glass to raise now the arguments that she should have raised in an opposition brief.

Glass's opening reconsideration brief emphasizes that the Plan did not notify her sufficiently of the reason for the reduction in her pension benefits, merely asserting, without more, that there was an overpayment based on years of credited service, and it *never* advised her that she had a right to contest and appeal the proposed reduction in her pension benefits, let alone explain to her how she would go about pursuing those remedies.  *See* P's Recon. Mot. at 5 (citing Am Comp ¶ 9).

The plan's brief in opposition to reconsideration does not rebut Glass's contention – clearly correct – that the Plan's failure in this regard violated 29 U.S.C. § 1133(1) (requiring plan to "provide *adequate notice* in writing . . . setting forth the *specific* reasons for the denial, written in a manner calculated to be understood by the participant") and 29 C.F.R. § 2560.503(g)(1)(I) and (ii) ("specific reasons for the adverse determination" and "reference to the specific plan provisions on which the determination is based"); and violated 29 C.F.R. § 2560.503(g)(1)(iv) by failing to provide a "description of the plan's review procedures and the time limits applicable to such

procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act following an adverse benefit determination on review."  The Plan's opposition brief also makes no attempt whatsoever to rebut Glass's contention, again correct, the main Plan document itself promised that

> [i]f the Committee determines that any Participant or Vested Pensioner . . . is not entitled to receive all or any part of the Pension claimed, it will inform the claimant by certified mail of its determinations and the reasons therefor *with specific reference to pertinent Plan provisions*, specific reference to additional information, if any, necessary to perfect the claim, *a description of the review procedures set forth below, and the time period in which the appeal must be filed.  The notice shall also contain a description of the Plan's review procedures . . . informing the Participant . . . that the Participant . . . can seek additional information about potential alternative dispute resolution methods available under the Plan.*

P's Recon. Mot. at 6-7 (quoting MTD Am Comp, Ex A § 7.9 (emphasis added) and citing *VanderKlok v. Provident Life & Acc. Ins. Co.*, 952 F.2d 610, 616 (6th Cir. 1991)).  Despite the Plan's protestations, *see* Def's Opp to Recon. at 6-8, such a combination of violations by omission is inconsistent with a finding that the June 28, 2007 letter constituted substantial compliance with the Act and accompanying regulations.

Glass cites *Wenner v. Sun Life Ass. Co. of Canada*, 482 F.3d 878, 881-82 (6th Cir. 2007) for the proposition that the proper remedy for such a violation of ERISA's exhaustion explanation and notification requirements is to "reinstate all benefits beginning from the invalid termination" to place the claimant in the position she would have been in but for the Plan's violations.  "Prior to the termination of her benefits by improper procedures, the status quo was that [Glass] was receiving" pension benefits in the full amount originally calculated and promised, and so, she argues, "the appropriate remedy is an order vacating the termination [in this case, *reduction*] of her benefits and directing [the Plan] to reinstate retroactively the [eliminated portion of] the benefits."  *Wenner*, 482

F.3d at 883.  Here, however, Glass goes beyond seeking *vacatur* of the holding that the complaint was subject to dismissal for failure to establish exhaustion (or a futility exception to exhaustion), seeking different, additional affirmative relief, as if she had filed a dispositive motion.  That is not appropriate on a so-called reconsideration motion.  Nothing in this opinion and order, of course, prevents Glass from filing a motion for judgment on the pleadings or a motion for summary judgment on one or both counts, with reinstatement of full pension benefits as part of the requested relief if she prevails.

**Lastly, the plan asks the court to consider its earlier argument, in the motion to dismiss, that count 2 (equitable estoppel) fails to state a claim on which relief can be granted.**  That would not be proper given the posture of this case.  Because the court dismissed the complaint solely on the ground of Glass's failure to show exhaustion (or an exception to the exhaustion requirement), the court understandably declined to address the Plan's additional contention that the equitable estoppel does not apply in the ERISA context.  The Plan never filed a motion for reconsideration on this score.  An adversary's motion for reconsideration on one issue is not a vehicle for the other party to seek a favorable ruling on issues or claims not raised by that reconsideration motion.  If the Plan wishes to see the equitable estoppel claim dismissed, it must file a motion seeking that outcome.

## ORDER

The plaintiff's motion for reconsideration [document #18] is **GRANTED**.

The prior dismissal without prejudice of the complaint is **VACATED**.

The case is **REINSTATED** to the court's active docket.

The argument that Glass's complaint should be dismissed for failure to properly and fully exhaust contractually-required non-judicial remedies is **REJECTED and FORECLOSED**.  The defendant **MAY NOT** raise that argument again.

The Plan **MAY** move for dismissal or summary judgment (on either count) on other grounds.

This is <u>not</u> a final order, because it does not dispose of all issues as to all parties.

**IT IS SO ORDERED this 3ʳᵈ  day of April 2009.**

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge